JOHN J. CAIN, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF BAYONNE.

Submitted December 1, 1910—Decided January 9, 1911.

Assuming that some of the provisions of an ordinance regularly enacted by a common council are susceptible of an application that would be in excess of the authority granted by the city charter or an unreasonable interference with its provisions, the ordinance will not, on that account, and in advance of any such application, be set aside *in toto* if in other respects it is unobjectionable.

On *certiorari.*

Before Justices GARRISON, SWAYZE and VOORHEES.

For the prosecutor, *James A. Hamill.*

For the defendant, *Daniel J. Murray* and *Elmer W. Demarest.*

The opinion of the court was delivered by

GARRISON, J. This *certiorari* is brought by a citizen of Bayonne to set aside an ordinance for the regulation of the police department of that city. The fact that the prosecutor

is the mayor of the city has no legal significance. The contention of the prosecutor is that the ordinance is one that the common council had no authority to enact for the reason that some of its provisions may be so applied as to clash with the charter powers of the mayor of the city with respect to the police. The general authority of the council to enact ordinances to regulate the department of police is expressly granted by the charter, and many of the provisions of this ordinance are admittedly not open to the objection now urged, and there is no contention that the ordinance was not regularly passed both originally and over the veto of the mayor. We are asked to set aside the entire ordinance and could do nothing less under this writ if we accede to the soundness of the prosecutor's contention. The prosecutor's position, therefore, is that in order that the provisions of the ordinance to which his objections apply may be annulled in advance of any action taken thereunder, we should set aside an entire ordinance legally enacted as to many of the provisions of which no objections are or can be urged. It would be unfortunate in the extreme if such were the only alternative. The mischief anticipated by the prosecutor's interpretation of the provisions that he challenges is apprehended merely, as yet no one has been injuriously affected in any of his rights. The apprehended difficulty may not arise; if it does, it will be because some right claimed by someone is denied to him by force of some provision of this ordinance. If the provision then drawn into controversy be one that it was beyond the power of council to enact, its invalidity upon that ground may be effectively litigated without destroying the entire ordinance. The decision of the Court of Errors and Appeals in *Pennsylvania Railroad* v. *Jersey City,* 18 *Vroom* 286, is authority for the propositions that it is not necessary that an entire ordinance should be annulled in order that objections to certain applications of it may be questioned as and when they are placed before the courts for specific determination, and that the proper judicial action, if the objection to certain provisions of an ordinance be well founded, is not to vacate the ordinance *in toto,* but to refuse to give effect to the

part of it that is, on this hypothesis, invalid. The same course was followed by this court in *Gaslight Co.* v. *Rahway*, 29 *Id.* 510.

It is true that the provisions of the present ordinance that are challenged by the prosecutor are not susceptible of being tested in the precise manner contemplated by the cases I have cited, *i. e.*, in a penal action; but the underlying principle of judicial action is the same, and the rule announced includes not only a conceded right to litigate the controverted question as and when it arises, but also an implication that pending the occasion for such litigation the doctrine of laches is in abeyance. If the objections were to irregularities in the passage of the ordinance or to matters that went to the entire enactment, the case might be different, but here the challenge is that the reprobated provisions were not within the power of council to enact an available and several defence not applicable to the ordinance as a whole.

The *status* of the prosecutor to sue out this writ has not been considered in view of the foregoing conclusion as to the premature bringing of this proceeding and the too sweeping scope of the judgment required under it.

The writ of *certiorari* is dismissed, with costs.